

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARC KENNY JONASSAINT,                    CASE NO.

        Petitioner,

vs.

MARCOS DANIEL JIMENEZ,
United States Attorney, in his official
capacity; THOMAS W. RAFFANELLO,
DEA District Director, Asset
Forfeiture Section; STEVEN
KAUFMAN, DEA District Counsel,
Asset Forfeiture Section; and $15,400
in United States Currency,

        Respondents.
_____/

## PETITIONER, MARC KENNY JONASSAINT'S EMERGENCY PETITION FOR WRIT OF MANDAMUS AND MEMORANDUM OF LAW

Petitioner, MARC KENNY JONASSAINT (hereinafter "JONASSAINT"), by and through

his undersigned counsel, David J. Joffe, P.A., hereby files his Emergency Petition for Writ of

Mandamus and requests the issuance of this writ quashing and vacating the administrative forfeiture

by DEA; that is, this writ should otherwise direct and compel respondents to institute judicial civil

forfeiture proceedings [e.g. contest of forfeiture] against the property seized in the Southern District

of Florida as follows:[1]

---

[1] The petitioner's caption in his petition indicates that respondents are being sued in their official capacities only, not their individual capacities. Petitioner further invokes the equitable and supervisory powers of this district court based upon the untimely Notice of Seizure mailed by DEA on April 15, 2003, which has prompted this litigation under "CAFRA", and claimant's otherwise timely filing of his administrative claim on May 20, 2003, which claimant had deposited in U.S. mail on same. The DEA did not, however, return this property under 18 U.S.C. §983(f) and administratively forfeited the currency instead.

## JURISDICTION

Petitioner is seeking in this action a writ of mandamus directing the respondents to pursue the judicial condemnation, pursuant to 19 U.S.C. §1602 *et seq.*, 21 U.S.C. §881(a)(6) and 18 U.S.C. §983, of certain property administratively forfeited by the Drug Enforcement Administration during the summer/fall 2003. Section 1361 of Title 28, United States Code, grants the district courts jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." "Mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling cases." *Carter v. Seamans*, 411 F.2d 767 (5th Cir. 1969). The district courts have jurisdiction to consider claims that notice of forfeiture was defective [*i.e.* jurisdiction to entertain collateral due process attack on administrative forfeiture by DEA] pursuant to 28 U.S.C. §1331. *United States v. Giraldo*, 45 F.3d 509 (1st Cir. 1995). Moreover, petitioner has fully complied with all the administrative prerequisites for the referral and "institution" of judicial civil forfeiture proceedings and a judicial determination by the courts.[2] Thus, this Petition for Writ of Mandamus should be granted because Jonassaint has established a clear legal right to contest judicial forfeiture and a clear legal duty by defendant to pursue the judicial condemnation of potential forfeit property, as required by the Congress pursuant to CAFRA (2000) "Civil Asset Forfeiture Reform Act", Section 983 of Title 18, United States Code.[3]

---

[2] See Appendix to Petition.

[3] Thus, petitioner has filed the moving papers as an emergency petition and requests an immediate hearing and/or evidentiary hearing to support his claims contained in the motion.

## STATEMENT OF FACTS

On November 12, 2002, Marc Kenny Jonassaint was a defendant in a criminal action filed in the Southern District of Florida, charging him with conspiracy and distribution of controlled substances. See, United States v. Marc Kenny Jonassaint, Case No. 02-60260-CR-KING. The grand jury indicted on November 19, 2002, he was convicted at trial and was sentenced to 121 months on December 16, 2003. (DE: 1, 2, 124, 149) This case initially involved criminal forfeiture, but this count was later dismissed.[4]

The salient facts pertinent to this Petition for Writ of Mandamus are simple. On November 8, 2002, Jonassaint was arrested at his home located at 16211 S.W. 18 Street, Miramar, Florida 33027-4457, by Special Agents of the Drug Enforcement Administration. At the time of arrest, agents searched the residence and discovered $15,400.00 in U.S. currency, Asset ID No. 03-DEA 413378, Case No. 65-03-0004, Docket No. 02-60260-CR-FERGUSON. The agents seized this money despite the undisputed fact that the currency bore no nexus or relation to any specified unlawful activity, drug trafficking or violation of the Controlled Substances Act.

The DEA took custody of this currency but did not file or mail a notice of seizure to petitioner until April 15, 2003.[5] Under 18 U.S.C. §983(a), the following must occur:

---

[4] Under 18 U.S.C. §983(a)(1)(A)(iii), if the government obtains a criminal indictment, then notice must be sent within 60 days of return of an indictment containing an allegation that the property is subject to forfeiture. The government altogether ignored this provision as well, that is: (1) the criminal indictment was returned on November 19, 2002 (DE: 17); (2) the First Notice of Seizure was returned undelivered (thus lack of notice); and (3) the Second Notice of Seizure occurred on April 15, 2003. This Notice of Seizure also violated §983(a)(1)(A)(iii) because it was more than five months after the return of the criminal indictment, a period well beyond the 60 day period.

[5] The Notice of Service lists Jonassaint's address as the Broward County Jail, which was correct. However, prior to this time, the DEA first attempted service upon petitioner by mailing notice to FDC-Miami. Jonassaint was not however confined at FDC-Miami during the initial 60 day period of time as required for mailing the Notice of Seizure by 18 U.S.C. §983(a). Thus, the petitioner was

3

(1)(A)(i).  Except as provided in clauses (ii) through (v), in any non judicial civil forfeiture statute, with respect to which the government is required to send notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of seizure.

*See*, 18 U.S.C. §983(a)(1)(A)(i).

Under 18 U.S.C. §983(a), the following may also occur:

(1)(A)(ii).  No notice is required if, before the 60 day period expires, the government files a civil judicial forfeiture action against the property and provides notice of action as required by law.

*See*, 18 U.S.C. §983(a)(1)(A)(ii).

Under 18 U.S.C. §983(f), the government shall take the following steps:

[f]  If the government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the government shall return the property to that person without prejudice to the right of the government to commence a forfeiture proceeding at a later time.  The government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess.

*See*, 18 U.S.C. §983(f).

Consequently, the DEA did not send notice to petitioner (*e.g.* claimant) as mandated by Section 983(a) within the 60 days;[6] the government did not file or institute a judicial civil forfeiture action under Section 983(a)(1)(A)(ii) nor did the government, upon the granting of an extension of time within which to file a notice of seizure as prescribed by subparagraph (A), forthwith return the

not served nor did he receive Notice of Seizure and this attempted service was defective and returned by mail to DEA by FDC-Miami as undelivered mail.

[6] The first attempted service was rejected by FDC-Miami and thus does not constitute actual notice to petitioner.  The second attempted service on April 15, 2003 was outside of the 60 day time period under the statute.  The DEA did not however obtain an extension of time to file its second notice once the 60 days had run.  *See*, Section 983(f).  Thus, the currency should have been returned to Jonassaint because the administrative notice and forfeiture was defective.

property (*e.g.* currency) to petitioner.

However, at the convenience of the DEA, the Asset Forfeiture Section later decided to mail to Jonassaint a Notice of Seizure dated April 15, 2003. This notice was mailed to the Broward County Jail.

Upon receipt of the Second Notice of Seizure, undersigned counsel tendered and mailed both his letter to the Asset Forfeiture Section and the Affidavit of Claim of Marc Kenny Jonassaint on May 20, 2003. This letter and claim were mailed on the day last specified (*e.g.* May 20, 2003) in the Notice of Seizure, as previously mailed by DEA on April 15, 2003. If for no other reason, the petitioner's act of mailing his claim and intent to contest forfeiture was timely and should be considered proper based upon the "mailbox rule". Pursuant to 28 C.F.R. 9.4(k)(i), it specifically states that the "postmark date" is the date [office] shall use as date deemed to have been received by DEA. Title 18, United States Code, Section 983(a)(2)(*l*) is otherwise silent about mailing and 28 C.F.R. 9.4(k)(i) controls this particular issue. Thus, petitioner's intent to contest forfeiture and filing of claim was timely mailed, despite the fact that the DEA totally ignored Section 983(a) and Section 983(f) in failing to return the money. Clearly, the DEA's intention in sending the untimely notice cannot be offered as a substitute for its statutory duty and obligations to return property to its owner or to refer to the United States Attorney's Office for judicial forfeiture, much less should it be utilized as a basis to reject an otherwise timely, lawful claim to property.[7]

---

[7] Subsequent to this, the DEA sent another letter on May 29, 2003, advising petitioner that he could file a petition for administrative ruling. The petitioner filed his Petition for Remission within the time allowed on or by June 20, 2003. The DEA denied the petition and the currency was administratively forfeited. Essentially, this whole situation boils down to the simple fact that the first notice by DEA was defective; the FDC rejected this Notice of Seizure; petitioner did not receive actual notice until April 15, 2003, the date the DEA mailed its Second Notice of Seizure and petitioner's claim was mailed on May 20, 2003 in a timely manner. Clearly, the DEA has suffered no prejudice in this case.

## ARGUMENT

The petitioner has no appeal or adequate remedy at law arising out of the unjust and clearly erroneous administrative forfeiture herein and further requests that this Honorable Court exercise its jurisdiction to issue the writ(s) prayed for below.[8]

The petitioner will suffer irreparable harm, taking of property and violations of due process of law and access to courts should this court decline to exercise its subject matter jurisdiction to direct that the government file a civil forfeiture action forthwith or return the property pursuant to 18 U.S.C. §983(f). Thus, the writ of mandamus is the appropriate course of action at this time.

Petitioner must establish three elements before a writ of mandamus may be properly issued: (1) a clear legal right in the petition to the relief sought; (2) a clear legal duty on the part of the defendant to do the act in question and (3) no other adequate remedy available. *In Re: Paradyne Corp.*, 803 F.2d 604 (11th Cir. 1986) (holding that procedures imposed by district courts to determine existence of supervisory control of district court through mandamus is appropriate when there has been a "clear abuse of discretion, a usurpation of judicial power or an abdication of judicial function." *United States v. Comeaux*, 954 F.2d 255 (5th Cir. 1992); *District Lodge No. 166, International Association of Machinist and Aerospace Workers, AFL-CIO v. TWA Services, Inc.*, 731 F.2d 711, 717 (11th Cir. 1984), *cert. denied*, 469 U.S. 1209 (1984). "A case is not appropriate for the extraordinary remedy of mandamus if the district court's refusal to grant an evidentiary hearing was the type of discretionary decision for which mandamus is generally not used."

---

[8] Jurisdiction of this court is further invoked under Section 1651, Title 28 of the United States Code as follows: "[A] The Supreme Court and all courts established by act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law; (B) an alternative writ or rule may be issued by a justice or judge of a court which has jurisdiction."

*Comeaux*, 954 F.2d at 261.  In the case *sub judice*, there was nothing discretionary at all concerning the Asset Forfeiture Section functions relative to the statutes' requirements under Section 984(a), *e.g.* "mailing a notice of seizure within 60 days"; "or upon motion for extension of time"; or the failure to return the property under Section 983(f).[9]

Almost a year has passed since the untimely Notice of Seizure by DEA, and the courts have said that a Writ of Mandamus is the appropriate remedy when there are "serious policy considerations ... sufficiently compelling to require immediate appellate attention," whereas a direct appeal may not provide an adequate remedy.  *In Re: United States*, 197 F.3d 310, 313 (8th Cir. 2000); *Gill v. Villa Gomez*, 140 F.3d 833, 835 (9th Cir. 1998) ("mandamus is not only a proper remedy, it is a preferred remedy for the denial of a statutory right to speedy trial by law"); *In Re: Wilkinson*, 137 F.3d 911 (6th Cir. 1998) (even discovery rulings perhaps raise "questions of unusual importance necessary to the economical and efficient administration of justice"; mandamus review is appropriate).

The petitioner contends that this case presents a simple, straightforward application of mandamus because "the Respondents should be compelled, as officers or employees of the United States or any agency thereof, to perform a duty owed to Petitioners."  *See*, 28 U.S.C. §1361.  The obvious remedy is to either return the currency or forthwith file a civil forfeiture action in the Southern District of Florida, none of which these officers or agents will do unless so compelled by the instant writ.  Moreover, this court has subject matter and equitable jurisdiction conferred by 28 U.S.C. §§1331, 1361, because petitioner has adequately preserved his constitutional right to access

---

[9] Again, the first Notice of Seizure was inadequate and defective.  The second Notice of Seizure was not issued based upon an extension of time granted by court order.  The DEA, in its own discretion, mailed it when it seemed practicable.  The statute, however, is obligatory not discretionary, and the administrative forfeiture is voidable.  Clearly, the petitioner has been denied his statutory rights.

of court; the government has otherwise acted in bad faith in failing to "refer" this matter to the United States Attorney or return the currency; and petitioner is otherwise indigent and unable to pay any expenses while confined in prison under his sentence in Case No. 02-60260-CR-KING. Furthermore, petitioner is actively prosecuting a direct appeal from judgment and sentence in that case to the Court of Appeals and is represented by undersigned counsel.

In the case of *Onwibiko v. United States*, 969 F.2d 1392 (2nd Cir. 1992), the Second Circuit set aside an administrative forfeiture despite the defendant's failure to post a cost bond or to claim indigency where the government knew of his indigency. Although the case involved a Rule 41(e) motion,[10] the defendant did not file a claim or post a bond but he did submit a petition for remission. The Drug Enforcement Administration denied the petition and the appellate court rejected the government's argument that the defendant had failed to preserve his right to judicial proceedings by failing to post a cost bond or file an affidavit of indigency. The appellate court noted:

> Reviewing the record on appeal, we conclude that Onwibiko is entitled to contest the forfeiture directly in district court, despite his failure to post a cost bond if $250. We lay the blame for this omission at the government's, not Onwibiko's doorstep. The government was well aware that it had seized all of the money that Onwibiko, a visitor to the United States, had on his person. Their argument that he nonetheless should have posted a $250 cost bond is Dickensian in its irony: The government took all of Onwibiko's money, but thereafter conditioned his right to put the government to its burden of proof on the payment of $250. We thus conclude that "the filing of a $250 bond was an insuperable obstacle to [Onwibiko], and may be too great an obstacle to many [people] seeking to force the government to proceed with forfeiture proceedings." *Lee v. Thornton*, 538 F.2d 27, 32 (2nd Cir. 1976). *Id.* at 1399.

---

[10] The Eleventh Circuit, in Rule 41(e) proceedings, has stated that a district court has the power to fashion a remedy under its inherent equitable authority. *United States v. Castro*, 883 F.2d at 1020. That equitable power can be fashioned to remedy a deprivation of due process of law in cases where property has been seized for over nine months without resort to judicial action. *United States v. Robinson* 734 F.2d 735 (11th Cir. 1984).

*See also, Wiren v. Eide*, 542 F.2d 757 (2nd Cir. 1976) (defendant had filed a claim and affidavit which provides a right to a hearing and due process of law).

In the case of *Glasgow v. Drug Enforcement Administration*, 12 F.3d 795 (8th Cir. 1993), the Eighth Circuit said the claimant's attorney notified the agency of his intent to contest the forfeiture.   Here, the claimant submitted a claim and cost bond but the Drug Enforcement Administration rejected these as untimely.   The court suggested that the Drug Enforcement Administration acted in bad faith, stating:

> Our conclusion that the DEA's forfeiture notice was inadequate is reinforced by our perception that the record in this case reflects agency bad faith.  Within one week of the seizure, the DEA knew that Glasgow wanted his money back and intended to contest the forfeiture.  The agency ignored his efforts to secure the immediate return of his property and delayed taking any action for two months.  It then sent Glasgow a written notice that failed to disclose when he should file a claim—information critical to his right to judicial forfeiture that the agency has routinely disclosed to potential claimants in other cases.  Despite Glasgow's many communications with numerous DEA personnel, not once did anyone tell him of the deadline for filing a claim and bond—that is, not until March 31, 1989, when the agency finally revealed in rejecting his March 17 claim as untimely that the last date to file had been March 7, 1989.  Thus, instead of providing Glasgow meaningful "information on the applicable procedures", as 19 U.S.C. §1607(a) requires, the agency obscured what Glasgow most needed to know.  Agency disclosures that reflect "an attitude of concealment rather than enlightenment" do not meet the basic demands of due process. *Menkarell v. Bureau of Narcotics*, 463 F.2d 88, 94 (3rd Cir. 1972).   We hold that the administrative declaration of forfeiture is void. *Id.* at 798, 799.

In the case of *Marshall Leasing v. United States*, 893 F.2d 1096 (9th Cir. 1990), the appellate court observed that the claimant did not file a claim or post a bond under 19 U.S.C. §1608. However, the Ninth Circuit noted that a failure to resort to the statutory scheme had occurred, but in expressed the concern:

> The government argued that the district court did not have subject matter jurisdiction because the appellant failed to avail itself of the opportunity to post a claim and bond to obtain judicial forfeiture.  We reject this claim. *Id.* at 1102.

The Ninth Circuit further noted that:

This cannot be taken to deprive this court of jurisdiction to hear the appellant's claims that appellant did not receive constitutionally adequate notice of the availability of judicial forfeiture and that the statutory scheme and the Constitution required the government to initiate judicial forfeiture. *Id.* at 1103. *See also,* "equitable powers" and the propriety of seizures and forfeitures is for the court to decide. *Id.*

The district courts have required the Drug Enforcement Administration to allow a claimant to post a bond after an affidavit of indigency is rejected and considered untimely. *In Re: Williams,* 628 F.Supp. 171 (E.D. N.Y. 1986). In *Williams,* the Eastern District of New York observed that the Drug Enforcement Administration had rejected a claim and affidavit of indigency, and proceeded to obtain an administrative forfeiture. The court held, however, that a claimant is only required to make a reasonable or good faith claim of indigency and the claim must be accepted. *Id.*

The courts have consistently held that equitable jurisdiction is available to remedy inadequate notice and jurisdictional issues regarding improper administrative forfeitures.[11] *See, United States v. Giovanelli,* 997 F.2d 116 (2nd Cir. 1993) (court that had considered criminal case had ancillary jurisdiction over post trial Rule 41(e) motion; because criminal proceeding was no longer pending, the motion was treated as a complaint for civil equitable relief).

---

[11] District courts have jurisdiction to consider claims that notice of forfeiture was defective; that jurisdiction to entertain collateral due process attacks on administrative forfeiture vests under 28 U.S.C. §1331 or Rule 41(e) in a criminal proceeding. *United States v. Giraldo,* 45 F.3d 509 (1st Cir. 1993). In *Giraldo,* defendant pled guilty to various drug charges. A year later he filed his Rule 41(e) motion to return the $2,000 seized from him, the government argued that the money was administratively forfeited. The defendant argued that the Notice of Forfeiture was defective because he was incarcerated when it was sent, yet the government sent notice to his home address and he never received it. The Second Circuit held that the district court had jurisdiction to consider defendant's claim that the notice of administrative forfeiture was defective. (*Id.*) *See also, United States v. Clagget,* 3 F.3d 1355 (9th Cir. 1993) (claimant was entitled to hearing on his collateral attack against $14,700 in seized property, which violated due process because of inadequate notice of seizure).

In light of the foregoing, the petitioner has been denied his right of judicial review by the unfair DEA administrative forfeiture procedures. Similarly, the Eight Circuit's insight into this very problem is helpful because of the hardship it works upon a forfeiture claimant who is entitled to a remedy. In the case of *United States v. Woodall*, 12 F.3d 791 (8th Cir. 1993), the district court denied the defendant's motion to return property that had been administratively forfeited. The defendant, however, argued that the Drug Enforcement Administration procedures violated due process of law by not giving adequate notice of the forfeiture. The appellant court fully agreed, holding:

> It is not surprising that the federal courts have universally upheld jurisdiction to review whether an administrative forfeiture satisfied statutory and due process requirements. <u>Judicial review is a fundamental safeguard against government agencies and public officials</u> who wrongfully seize <u>or hold a citizen's property.</u> *Id.* at 793.

### A WRIT OF MANDAMUS IS THE APPROPRIATE REMEDY

In this case, the district court should issue a Writ of Mandamus compelling the Director(s) of the Drug Enforcement Administration to forthwith refer the seizure to the United States Attorney's Office for the Southern District of Florida for institution of a civil forfeiture action. *See*, 18 U.S.C. §983; 28 U.S.C. §1361. Petitioner has met the prerequisites for contesting the invalid administrative forfeiture by DEA and is entitled to his day in court.[12] 19 U.S.C. §1602, *et seq*. In essence, petitioner has established a clear legal right to mandamus [no other adequate remedy is available]; he has particularly demonstrated that DEA has failed to comply with its "statutory duties" under 18

---

[12] See Appendix, EX: 5. Clearly, the claimant is entitled to litigate this seizure of currency in judicial proceedings; that is, on August 18, 2003, undersigned counsel made his last attempt with DEA. In corresponding by mail, counsel advised DEA to institute judicial proceedings or remit the funds pursuant to the petition for remission. The DEA, however, would not respond or take any action whatsoever.

U.S.C. §983(a) by ignoring the 60 day period concerning notice; that the DEA did not apply nor obtain permission by a court to extend the time for sending notice on April 15, 2003, more than 150 days after seizure; that DEA failed to return the money; that DEA improperly rejected petitioner's administrative claim deposited in U.S. mail on May 20, 2003 as timely submitted by claimant; that DEA had a clear duty to do the act in question, that is "refer" this matter to the United States Attorney's Office in the Southern District of Florida for judicial condemnation proceedings and therefore the petitioner is irreparably harmed without a remedy at law.[13] *See, Carter v. Seamans*, 411 F.2d 767 (5th Cir. 1969). In a sense, the DEA has acted in an arbitrary, capricious manner in sending a late Notice of Seizure that did not comply with the notice requirement under Section 983(a) and in otherwise rejecting the administrative claim mailed on May 20, 2003. This conduct was simply unreasonable and certainly not within the spirit nor intent of the CAFRA (2000). Thus, this court's exercise of jurisdiction is necessary to facilitate due process of law; judicial review is permissible based upon mandamus, subject matter and equitable jurisdiction; and the court should therefore vacate the administrative forfeiture to comport with 18 U.S.C. §983.

## CONCLUSION

WHEREFORE, premises considered, the petitioner requests that the district court vacate the administrative forfeiture by DEA and issue a Writ of Mandamus compelling the United States Attorney's Office to institute judicial forfeiture proceedings or otherwise return the currency.

---

[13] In the instant case, Jonassaint has acted reasonably and in good faith. His claim was not facially insufficient and because the government seized all of his finances, it is essential that due process confer jurisdiction under 28 U.S.C. §1331. Moreover, this court should give "teeth" to the Civil Asset Forfeiture Reform Act of 2000, *i.e.* Section 983, in providing a remedy. *See*, CAFRA 2000.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via CERTIFIED MAIL/R.R.R. this 26th day of February, 2004, to:

MARCOS DANIEL JIMENEZ
United States Attorney
99 N. E. Fourth Street
Miami, Florida  33132-2111

THOMAS W. RAFFANELLO
DEA District Director
Asset Forfeiture Section
8400 N. W. 53 Street
Miami, Florida  33166

STEVEN KAUFMAN
DEA District Counsel
Asset Forfeiture Section
8400 N. W. 53 Street
Miami, Florida  33166

Respectfully submitted,

DAVID J. JOFFE, P.A.
Attorney for Petitioner
1776 North Pine Island Road
Suite 326
Fort Lauderdale, Florida 33322
Telephone:  (954) 723-0007
Facsimile:  (954) 723-0033

By
  DAVID J. JOFFE, ESQUIRE
  FLORIDA BAR NO. 0814164

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARC KENNY JONASSAINT,                    CASE NO.

     Petitioner,

vs.

MARCOS DANIEL JIMENEZ,
United States Attorney, in his official
capacity; THOMAS W. RAFFANELLO,
DEA District Director, Asset
Forfeiture Section; STEVEN
KAUFMAN, DEA District Counsel,
Asset Forfeiture Section; and $15,400
in United States Currency,

     Respondents.

_____/

## APPENDIX

|                                                                                         | EX |
|-----------------------------------------------------------------------------------------|----|
| DEA Notice of Seizure (4/15/03)                                                         | 1  |
| Claimant's Claim (5/20/03) Notice of Intent to Contest Forfeiture And Letter of Counsel | 2  |
| DEA Response (5/29/03)                                                                  | 3  |
| Claimant's Petition for Remission (6/10/03)                                             | 4  |
| Claimant's Letter to DEA Re: Return of Currency (8/18/03)                               | 5  |



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

| | |
|---|---|
| Asset Id: | 03-DEA-413378 |
| Case Number: | GS-03-0004 |
| Property: | $15,400.00 U.S. Currency |
| Asset Value: | $15,400.00 |
| Seizure Date: | 11/08/02 |
| Seizure Place: | Miramar, FL |
| Owner Name: | Jonassaint, Marc K. |
| Seized From: | Jonassaint, Marc K. |
| Judicial District: | Southern District of Florida |

Marc K. Jonassaint, Prisoner ID No. 900200344
Broward County Jail
555 SE 1st Avenue
Ft. Lauderdale, FL 33301

**NOTICE MAILING DATE:** April 15, 2003

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures in administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by May 20, 2003. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing

of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Domestic Operations, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Domestic Operations, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset Id referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

*Exhibit "1"*

THE LAW FIRM OF

# David J. Joffe, P.A.

The Prudential Plaza Building
1776 North Pine Island Road, Suite 326
Fort Lauderdale, Florida 33322
Telephone: (954) 723-0007
Fax: (954) 723-0033

ADMITTED TO PRACTICE STATE OF FLORIDA 1989
ADMITTED TO PRACTICE UNITED STATES DISTRICT COURT,
   SOUTHERN DISTRICT OF FLORIDA
ADMITTED TO PRACTICE UNITED STATES DISTRICT COURT,
   MIDDLE DISTRICT OF FLORIDA
ADMITTED TO PRACTICE UNITED STATES COURT OF APPEALS FOR
   THE ELEVENTH CIRCUIT
ADMITTED TO PRACTICE UNITED STATES TAX COURT
ADMITTED TO PRACTICE UNITED STATES SUPREME COURT

HILLARY RAY, ESQUIRE
OF COUNSEL

May 9, 2003

Forfeiture Counsel
Asset Forfeiture Section
Office of Domestic Operations
Drug Enforcement Administration
HQs Forfeiture Response
Post Office Box 1475
Quantico, Virginia  22134-1475

        Re:  Marc K. Jonassaint
             Prisoner ID No. 90020034
             Broward County Jail
             55 S.E. First Avenue
             Fort Lauderdale, Florida 33301
             Asset ID:             03-DEA-413378
             Case No:              GS-03-0004
             Property:             $15,400 U.S. Currency
             Asset Value:          $15,400
             Seizure Date:         11/08/02
             Seizure Place:        Miramar, Florida
             Owner Name:           Marc K. Jonassaint
             Seized From:          Marc K. Jonassaint
             Judicial District:    Southern District of Florida
             Notice Mailing Date:  4/15/03

To Whom It May Concern:

        Please be advised that undersigned counsel represents Marc
Kenny Jonassaint in his pending criminal matter here in the
Southern District of Florida.  Please forward any and all future
correspondence directly to undersigned counsel at the above
address.

        Please note that I am contesting the forfeiture pursuant to
Title 18, United States Code, Section 983(a)(2)(D) (2003).  The
specific property being claimed is $15,400.00 in U.S. currency.
Mr. Marc Kenny Jonassaint is the rightful owner of the U.S.
currency that was seized pursuant to a consensual search of his

*Exhibit "2"*

Forfeiture Counsel
May 9, 2003
Page two


residence.   The residence in question had no relation to the location of arrest or narcotics seized.  The money seized was the proceeds of a portion of an insurance settlement that Mr. Jonassaint received from GEICO Insurance Company.

Additionally, undersigned counsel is requesting release of the seized property during the pendency of the forfeiture proceeding due to Mr. Jonassaint's economic hardship.  This request is being made pursuant to Title 18, United States Code, Section 983(f) (2003).

I await your prompt response in writing within five (5) working days.

Respectfully yours,



DAVID J. JOFFE

DJJ:ja

cc:  Asset Forfeiture Section
     Office of Domestic Operations
     Drug Enforcement Administration
     2401 Jefferson Davis Highway
     Alexandria, Virginia  22301

THE LAW FIRM OF
David J. Joffe, P.A.
The Prudential Plaza Building
1776 North Pine Island Road, Suite 326
Ft. Lauderdale, Florida 33322
Tel. (954) 723-0007 • Fax (954) 723-0033

## AFFIDAVIT OF MARC KENNY JONASSAINT

STATE OF FLORIDA  )
                   :  ss.
COUNTY OF BROWARD )

BEFORE ME, the undersigned authority, personally appeared MARC KENNY JONASSAINT, who, after being duly sworn, deposes and says under penalty of perjury:

1.   I declare that the $15,400.00 in U.S. currency seized from my residence in Miramar, Florida on or about November 8, 2002, Asset ID No. 03-DEA-413378, Case No. GS-03-0004, is money that belongs to me.  This is money that I received as the result of an insurance claim.

2.   I am contesting the forfeiture pursuant to Title 18, United States Code, Section 983(a)(2)(D) (2003).  This affidavit is being submitted pursuant to Title 18, United States Code, Section 983(a)(2)(C) (2003).

FURTHER AFFIANT SAYETH NOT.

X _____
MARC KENNY JONASSAINT

BEFORE ME, the undersigned authority, personally appeared MARC KENNY JONASSAINT, who after being duly sworn, deposes and states that he has first hand knowledge of the matters set forth in this affidavit and that all the facts contained therein are true and correct, and that he is personally known to me or has produced _____ Self _____ as identification.

WITNESS my hand and official seal on this 14th day of May, 2003.

_____
NOTARY PUBLIC, State of Florida at Large

_____
Printed Signature

My Commission Expires:





```
                 PLANTATION POST OFFICE
                   PLANTATION, Florida
                       333179998

05/20/2003      (954)327-9936      01:49:06 PM

━━━━━━━━━━━━ Sales Receipt ━━━━━━━━━━━━
Product          Sale    Unit        Final
Description      Qty     Price       Price

QUANTICO VA 22134                    $0.37
First-Class
   Return Receipt                    $1.75
   Certified                         $2.30
   Label Serial #:  70021000000513723360
                                   ━━━━━━━━
                    Issue PVI:       $4.42

ALEXANDRIA VA 22301                  $0.37
First-Class
   Return Receipt                    $1.75
   Certified                         $2.30
   Label Serial #:  70021000000513723377
                                   ━━━━━━━━
                    Issue PVI:       $4.42


Total:                               $8.84

Paid by:
Cash                                $20.00
Change Due:                        -$11.16


Bill#:  1000501942154
Clerk:  26

        Refunds only per DMM P014
───── Thank you for your business ─────
               Customer Copy
```

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> x _Charles Jordan_  □ Agent   □ Addressee <br> B. Received by (Printed Name)   C. Date of Delivery |

1. Article Addressed to:

For feiture Counsel
Asset Forfeiture Section
office of Domestic operations
Drug Enforcement Administration
2401 Jefferson Davis Highway
Alexandria, Virginia 22301

D. Is delivery address different from item 1?  □ Yes
If YES, enter delivery address below:  □ No

3. Service Type
☑ Certified Mail   □ Express Mail
□ Registered   □ Return Receipt for Merchandise
□ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
(Transfer fr    7002 1000 0005 1372 3377

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540





**U. S. Department of Justice**
Drug Enforcement Administration
Office of Domestic Operations

MAY 29 2003

CERTIFIED MAIL/RETURN RECEIPT

Marc Kenny Jonassaint
C/o David J. Joffe
Attorney at Law
The Prudential Plaza Building
1776 North Pine Island Road, Suite 326
Fort Lauderdale, FL  33322

| ASSET ID NUMBER | CASE NUMBER | PROPERTY DESCRIPTION |
|---|---|---|
| 03-DEA-413378 | GS-03-0004 | $15,400.00 U.S. Currency |
| JUDICIAL DISTRICT: Southern District of Florida | | |

Dear Claimant:

The Drug Enforcement Administration (DEA) has received your claim and/or petition regarding the above-referenced asset.  The following information is provided:

\_\_\_\_\_  Your claim has been accepted and this matter has been referred to the United States Attorney for the Civil Division in the judicial district noted above.  Please direct all inquiries regarding this matter to that office.

\_\_\_\_\_  Your claim and petition have been accepted and this matter has been referred to the United States Attorney for the Civil Division in the judicial district noted above.  Please direct all inquiries regarding this matter to that office.

\_\_\_\_\_  Your petition, which was previously acknowledged, is now being handled by the United States Attorney for the Civil Division in the judicial district noted above.  Please direct all inquiries regarding this matter to that office.

 **X**  Your claim for the above referenced property is being **returned** because it was received **in this office** after the last date to file, which was  **May 20, 2003** .

*Exhibit "3"*

- 2 -

____ Petitions for Remission and/or Mitigation of forfeiture may be filed until the date the property is disposed of according to law. Since you submitted a petition along with your claim, this office will administratively rule on your petition. It is anticipated that this process will take a minimum of **120 days** before a decision can be rendered on the merits of the petition. Please be assured that all petitions are handled on a **"first-in, first-out"** basis.

__X__ Although you did **not** file a Petition for Remission and/or Mitigation along with your claim, as a matter of discretion, we will allow you **twenty (20) days** from the date of receipt of this letter to file a petition for an administrative ruling by this office before the property is disposed of according to law. Please note that your petition must be sworn to under penalty of perjury. For your ready reference, the acceptable language required by statute is as follows:

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date) (Signature)".

Please ensure that **all documents and correspondence regarding this matter reference the DEA asset identifier and case numbers noted above** and, unless otherwise directed, be addressed to the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Domestic Operations, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301.

Sincerely,

Asset Forfeiture Section
Office of Domestic Operations

ENCLOSURE

**CLAIM.ACKNOWLEDGE.LETTER (JAN. 02)**                    BY: **AW**   AD CODE #: **709**

## PETITION FOR REMISSION

Comes now, Marc Kenny Jonassaint and hereby files his Petition for Remission of the property seized by the Drug Enforcement Agency on November 8, 2002. Petitioner states the following factual basis for said request:

1.    I, MARC KENNY JONASSAINT, Social Security No. 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, live at 16211 SW 18th Street, Miramar, Florida 33027-4457.

1.    I declare that the $15, 400.00 in U.S. currency seized from my residence 16211 S.W. 18th Street, Miramar, Florida 33027-4457 on or about November 8, 2002, by the U.S. Department of Justice, Drug Enforcement Administration, Asset ID No. 03-DEA-413378, Case No. GS-03-0004, Docket No. 02-60260-CR-Ferguson is money that belongs to me.  This is money that I received as the result of an insurance claim.

2.    I am requesting remission of the $15,400.00 seized by DEA agents on or about November 8, 2002, pursuant to Title 28, Code of Federal Regulations, Part 9.  The affidavit is being submitted pursuant to Title 18, United States Code, Section 983 (a) (2) (C) (2003).

Wherefore, we request remission of the $15, 400.00 seized by your agency immediately.

I hereby certify that a true and correct copy of the foregoing petition was mailed return receipt requested by U.S. mail on this _10th_ day of June, 2003.

David J. Joffe, P.A.
Florida Bar No. 0814164
The Prudential Plaza Bldg
1776 N. Pine Island Rd.
Suite 326
Ft. Lauderdale, Fl 33322
Phone: (954) 723-0007
Facsimile: (954) 954-0033

Exhibit "4"

## AFFIDAVIT OF MARC KENNY JONASSAINT

STATE OF FLORIDA          )
                          :
COUNTY OF BROWARD   )

BEFORE ME, the undersigned authority, personally appeared MARC KENNY

JONASSAINT, who, after being duly sworn, deposes and says under penalty of perjury:

      1.     I declare that the $15, 400.00 in U.S. currency seized from my residence

16211 SW 18th Street, Miramar, Florida 33027-4457 on or about November 8, 2002, by

the U.S. Department of Justice, Drug Enforcement Administration, Asset ID No. 03-

DEA-413378, Case No. GS-03-0004, Docket No. 02-60260-CR-Ferguson is money that

belongs to me.  This is money that I received as the result of an insurance claim.

      2.     I am requesting remission of the $15,400.00 pursuant to Title 28, Code of

Federal Regulations, Part 9.  The affidavit is being submitted pursuant to Title 28, Code

of Federal Regulations, Section 9.4 (c) (2).

      I declare certify, verify and state under penalty of perjury that the foregoing is

true and correct.

      FURTHER AFFIANT SAYETH NOT.

                                   MARC KENNY JONASSAINT

      BEFORE ME, the undersigned authority, personally appeared MARC KENNY
JONASSAINT, who after being duly sworn, deposes and states that he has first hand
knowledge of the matters set forth in this affidavit and that all the facts contained therein
are true and correct and that he is personally known to me or has produced
_Self_ as identification.

      WITNESS my hand and official seal on this _10th_ day of June, 2003.

NOTARY PUBLIC, State of
Florida at Large

_David J. Coffe_
Printed Signature

My Commission Expires:

06/05/2003    13:43    LAW OFFICE OF DAVID J. JOFFE PA → 9543820180                    NO. 779    P001



**Bank of America**

MARC K JONASSAINT OR
JOVETTE C JONASSAINT



Page 2 of 3
Statement Period
10-09-02 through 11-05-02
Number of checks enclosed: 3
B 04 0 C 04          0:00:

Account Number: 0034 3825 6711

---

## Interest Checking

### Your Account at a Glance

Account Number ........................................... 0034 3825 6711
Beginning Balance on 10-09-02................... $  10,804.53
  Deposits and Other Additions............+         0.76
  Checks Posted.......................................  8,311.04
  ATM and Debit Card Subtractions....  -     882.68
  Service Charges and Other Fees........  -      90.00
  Other Subtractions.................................  1,863.66
Ending Balance on 11-05-02................. $    342.09-

*Annual Percentage Yield Earned this Statement*
*Period:  0.20%*
*Interest Paid Year to Date:  $6.77*

---

The monthly maintenance fee for your Interest Checking Account # 0034 3825 6711 will be waived when your average daily balance in combined checking and linked savings, Money Market Savings, CD or IRA accounts meets the balance level stated in the *Personal Schedule of Fees.*  Your combined deposit balance for the statement cycle was $7,689.82.  As an Advantage customer, you also have other options such as using loan, line of credit and mortgage balances with us, to avoid the monthly maintenance fee.  Please contact us if you would like to talk with us about your account.

---

Your Bank of America Check Card is now safer than ever with Total Security Protection. It's free and automatic on your Check Card. For more information, visit www.bankofamerica.com/totalsecurity.

ONLINE BANKING GUARANTEE: With our Online Banking service, you can be confident that your Bank of America accounts will be secure and protected. We guarantee $0 liability for any unauthorized activity originating from Online Banking, including Bill Payment. For terms and conditions, or to learn more about Online Banking, visit www.bankofamerica.com.

---

## Interest Checking Additions and Subtractions

| Date Posted | Amount($) | Resulting Balance($) | Transaction |
|---|---|---|---|
| 10-09 | 30.00- | 10,774.53 | Overdraft Fee For Activity Of 10-08 Check #0000000508 |
| 10-09 | 30.00- | 10,744.53 | Overdraft Fee For Activity Of 10-08 Check #0000000509 |
| 10-11 | 393.73- | 10,350.80 | Check        510 |
| 10-15 | 10.00- | 10,340.80 | Reference Letter Fee Fdes Nsc 7111000 Nbkgsw2 |
| 10-18 | 1,917.31- | 8,423.49 | Check        439 |
| 10-21 | 6,000.00- | 2,423.49 | Check        511 |
| 10-21 | 21.95- | 2,401.54 | CheckCard  1018 Microsoft  *onlin Bill.Msn.Com WA        1000000190362729 |
| 10-29 | 1,500.00- | 901.54 | Customer Withdrawal 10/29/02 Miami Gardens  - Hialeah        01346 FL |
| 10-30 | 668.88- | 232.66 | CheckCard  1030 Nextel *wireless S 800-639-6111 Co        1000000190630394 |
| 10-30 | 191.85- | 40.81 | CheckCard  1029 Bellsouth 800-7530710  GA        1000000190424564 |
| 11-01 | 177.08- | 136.27- | FL Power & Light;Des=elec Pymt ;ID=9445419345     V Eff Date: 021101;Indn:Jovette Civil |

05/05/2003    13:43    LAW OFFICE OF DAVID J. JOFFE PA → 9543820180    NO.779   P005



**Bank of America**

Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

Page 1 of 8
Statement Period
10-09-02 through 11-05-02
Number of checks enclosed: 3
E 04 0 C 04              0000400

Account Number: 0034 3825 6711

06075 001 SCH999 I  34 0

MARC K JONASSAINT OR
JOVETTE C JONASSAINT
16211 SW 18TH ST
MIRAMAR FL 33027-4457

Our free Online Banking service allows you to check account balances,
transfer funds, pay bills and more.  Enroll at www.bankofamerica.com.

## Your Bank of America Advantage Summary

| Account Name | Account Number | Qualifying Balance* | Type of Balance | Date | Total |
|---|---|---|---|---|---|
| **Deposit Accounts** | | | | | |
| Interest Checking | 0034 3825 6711 | 5,343.21 | Average | 11-04 | |
| Regular Checking | 0034 3012 1000 | 1,840.74 | Average** | 11-04 | |
| Regular Savings | 0036 6000 8193 | 505.87 | Average** | 11-04 | |
| Fixed Term CD | 910 000 3681 2789 | 0.00 | Principal** | 11-04 | |
| Fixed Term CD | 910 000 3808 6539 | 0.00 | Principal** | 11-04 | |
| Fixed Term CD | 910 000 2862 4278 | 0.00 | Principal** | 11-04 | |
| Fixed Term CD | 910 000 3669 0765 | 0.00 | Principal** | 11-04 | |
| **Total Deposit Account Balance** | | | | | $7,689.82 |

Thank you for banking with us.  With the balances in your accounts, there is no monthly maintenance fee for Advantage.

* Balances in your linked accounts that are used to avoid a monthly maintenance fee are listed here.  These balances reflect the average or principal balance in your account - for your actual ending account balances, please see the "Your Account at a Glance" section on your statement for each of your accounts.
** Detailed information about this account is not included in this statement.

06/05/2003    13:43    LAW OFFICE OF DAVID J. JOFFE PA → 9543820180         NO.779    P003



**Bank of America**

MARC K JONASSAINT OR
JOVETTE C JONASSAINT

Page 3 of 3
Statement Period
10-09-02 through 11-05-02
Number of checks enclosed: 3
B 04 0 C 04                   0000492

Account Number: 0034 3825 6711

## Interest Checking Additions and Subtractions

| Date Posted | Amount($) | Resulting Balance($) | Transaction |
|---|---|---|---|
| 11-04 | 30.00- | 166.27 - | Overdraft Fee For Activity Of 11-01 Electronic Transaction |
| 11-05 | 176.58- | 342.85 - | ‡Prot Life  U1   ;Des=ins. Prem.;Id=p00H00506934 Eff Date: 021105;Indn:Marc K Jonassaint |
| 11-05 | 0.76 + | 342.09 - | Interest Earned |

‡There were not enough funds available in your account to cover all the electronic transactions received on 11-05. The transaction(s) indicated here have been paid. Any service charge(s) will be reflected on your next statement.

## Checks Posted in Numerical Order

| Check Number | Date Posted | Amount($) | Check Number | Date Posted | Amount($) | Check Number | Date Posted | Amount($) |
|---|---|---|---|---|---|---|---|---|
| 439 | 10-18 | 1,917.31 | 510* | 10-11 | 393.73 | 511 | 10-21 | 6,000.00 |

**Total Checks Posted**                                                        **$8,311.04**

* The asterisk shows a break in the check number order. Your check may have been in a previous statement or may still be outstanding.

## Daily Balance Summary

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| Beginning | 10,804.53 | 10-18 | 8,423.49 | 11-01 | 136.27 - |
| 10-09 | 10,744.53 | 10-21 | 2,401.54 | 11-04 | 166.27 - |
| 10-11 | 10,350.80 | 10-29 | 901.54 | 11-05 | 342.09 - |
| 10-15 | 10,340.80 | 10-30 | 40.81 | | |

06/05/2003   13:43   LAW OFFICE OF DAVID J. JOFFE PA → 9543820180        NO.779   P005

**GEICO**
**DIRECT**

Government Employees Insurance Company
GEICO General Insurance Company
GEICO Indemnity Company
GEICO Casualty Company
Criterion Insurance Agency, Inc.
(Colonial County Mutual Ins.)

P.O. BOX 33040
LAKELAND, FLORIDA 33807-3040

August 28, 2002

Marc Jonassaint
16211 SW 18th St.
Hollywood, FL 33027-4457

CLAIM NUMBER: 0133766590101065        LOSS DATE: 08/18/02
POLICY NUMBER: 20860370

Dear Marc Jonassaint:

We have not received the Total Theft Questionnaire mailed to you
after your vehicle was stolen.  This is a necessary part of our
claim file.  Please complete the enclosed form, have it
notarized, and return it in the envelope provided.

Sincerely,

KRISTEN WEHMAN  D063

CLAIMS DEPARTMENT 1-800-648-2493 x4447 lakeland
GEICO GENERAL INSURANCE COMPANY

ENC.: C116FL, C521FL, E395

20

**PLEASE REFER TO OUR CLAIM NUMBER WHEN
WRITING OR CALLING ABOUT THIS CLAIM**

CL5A                                                        CLL14

Shareholder Owned Companies Not Affiliated With The U.S. Government

06/05/2003    13:43    LAW OFFICE OF DAVID J. JOFFE PA → 9543820180                    NO.779    P004

Fidelity National Title Company

UNDER EXPRESS ESCROW DIVISION 937-08

**DETACH AND RETAIN THIS STATEMENT**
THE ATTACHED CHECK IS IN PAYMENT OF ITEMS DESCRIBED BELOW.
IF NOT CORRECT, PLEASE NOTIFY US PROMPTLY. NO RECEIPT DESIRED.

**176968**

County #/Branch #: 0037/0008                                          Check No: 176968
Escrow Number:    8819817-JM        Date: 04/29/02        Amount: $25,094.16
Borrower: Jovette Jonassaint
Property: 16211 SW 18st Street, Miramar, FL  33027
Borrower(s) Refund

06/05/2003   13:43   LAW OFFICE OF DAVID J. JOFFE PA → 9543820180   NO.779   P001

**Bank #:** 01190044 **Acct #:** 000000019191 **Check #:** 65064442

Amount:          #10948.00
Account:         00000000019191
Bank Number:     01190044
CD Volume #:
Check Number:    65064442



THE LAW FIRM OF

# David J. Joffe, P.A.

The Prudential Plaza Building
1776 North Pine Island Road, Suite 326
Fort Lauderdale, Florida 33322
Telephone: (954) 723-0007
Fax: (954) 723-0033

ADMITTED TO PRACTICE STATE OF FLORIDA 1988
ADMITTED TO PRACTICE UNITED STATES DISTRICT COURT,
  SOUTHERN DISTRICT OF FLORIDA
ADMITTED TO PRACTICE UNITED STATES DISTRICT COURT,
  MIDDLE DISTRICT OF FLORIDA
ADMITTED TO PRACTICE UNITED STATES COURT OF APPEALS FOR
  THE ELEVENTH CIRCUIT
ADMITTED TO PRACTICE UNITED STATES TAX COURT
ADMITTED TO PRACTICE UNITED STATES SUPREME COURT

HILLARY RAY, ESQUIRE
OF COUNSEL

August 18, 2003

_CERTIFIED MAIL/R.R.R._

Richard Medema, Esquire
Senior Attorney
Office of Domestic Operations
Asset Forfeiture Section
Drug Enforcement Administration
Post Office Box 1475
Quantico, Virginia  22134-1475

Re:  Marc Kenny Jonassaint
     Prisoner ID No. 90020034
     Federal Detention Center
     Post Office Box 019120
     Miami, Florida  33101
     Asset ID:          03-DEA-413378
     Case No:           GS-03-0004
     Property:          $15,400 U.S. Currency
     Asset Value:       $15,400
     Seizure Date:      11/08/02
     Seizure Place:     Miramar, Florida
     Owner Name:        Marc K. Jonassaint
     Seized From:       Marc K. Jonassaint Residence
     Judicial District: Southern District of Florida

Dear Mr. Medema:

     It has now been approximately nine weeks and/or more than
two months and I have received absolutely no response from your
office regarding my June 10, 2003 correspondence which I have
attached as Exhibit "A" to this correspondence.  Again, please
note that my June 10, 2003 correspondence was directed to your
May 29, 2003 correspondence when you returned my original request
contesting the asset forfeiture.  The original correspondence was
mailed via Certified Mail, Return Receipt Requested, on May 20,
2003, pursuant to 28 C.F.R. 9.4(k)(i) (remission section), which

_Exhibit "5"_

Richard Medema, Esquire
August 18, 2003
Page two

specifically states that the postmark date is the date that your
office shall use as the date deemed to have been received by DEA.
Title 18, United States Code, Section 983(a)(2)(D), is silent on
this point.  Therefore, 28 C.F.R. 9.4(k)(i) controls this issue.
Therefore, you must by statute accept my prior correspondence
dated May 20, 2003 contesting the forfeiture.

Again, your agency knew or should have known that I, David
J. Joffe, P.A., was the attorney of record since Mr. Jonassaint
was arrested by the United States Attorney's Office in Fort
Lauderdale, Florida.  There exists absolutely no documentable or
legitimate reason nor excuse for your office not mailing the
forfeiture notice directly to undersigned counsel.  Additionally,
your office has advised me that you had sent the original notice
to Mr. Jonassaint at the Federal Detention Center.  At the time
of your original mailing, Mr. Jonassaint was housed at the
Broward County Jail located at 55 S.E. First Avenue, Fort
Lauderdale, Florida 33301.  Since that time, Mr. Jonassaint has
been transferred to the Federal Detention Center in Miami,
Florida.

Clearly, you had the ability to communicate with the inmate
locater system in Washington, D.C. and determine the location of
the federal inmate.  The fact that your office sent the notice to
the Federal Detention Center in Miami, Florida, utterly failing
to provide adequate notice to Mr. Jonassaint, is inexcusable.

You have failed to comply with Title 18, United States Code,
Section 983, which specifically and explicitly requires your
agency to send written notice no more than 60 days after the date
of seizure on November 8, 2002.  Your own notice of mailing date
of April 15, 2003 was more than five months or more than 150 days
after the date of seizure.  Your agency did not and does not have
any legal authority to seek forfeiture of the $15,400.00.  Your
claim that you did, in fact, notice Mr. Jonassaint at the Federal
Detention Center in Miami, Florida was inadequate.  You did not
comply with Title 18, United States Code, Section 983.  The
notice requirement is a notice requirement.  It is not a
requirement that you just place something in the mail to some
unknown location.  Your office merely assumed that Mr. Jonassaint
was housed at the Federal Detention Center.  You certainly have
the wherewithal and the means to know exactly where Mr.
Jonassaint was housed.  By my June 10, 2003 correspondence, I
requested that you respond to me within five days of receipt of
my correspondence which was postmarked June 11, 2003.  It has

THE LAW FIRM OF
David J. Joffe, P.A.
The Prudential Plaza Building
1776 North Pine Island Road, Suite 326
Ft. Lauderdale, Florida 33322
Tel. (954) 723-0007 • Fax (954) 723-0033

Richard Medema, Esquire
August 18, 2003
Page three


been nearly two months and I have received absolutely no
correspondence whatsoever from your agency.   In our telephone
conference in June of 2003, you advised that you would forward to
me a written response within two weeks.   I have received
absolutely nothing from your office.  Please respond immediately.

                              Respectfully yours,




                              DAVID J. JOFFE

DJJ:ja
Enclosure

THE LAW FIRM OF
David J. Joffe, P.A.
The Prudential Plaza Building
1776 North Pine Island Road, Suite 326
Ft. Lauderdale, Florida 33322
Tel. (954) 723-0007 • Fax (954) 723-0033

*copy*

# DAVID J. JOFFE, P.A.

The Prudential Plaza Building
1776 N. Pine Island Rd.
Suite 326
Fort Lauderdale, FL 33322
(954) 723-0007

June 10, 2003

U.S. Department of Justice
Drug Enforcement Administration
Office of Domestic Operations
Asset Forfeiture Section
HQs Forfeiture Response
P.O. Box 1475
Quantico, Virginia 22134-1475

RE: Marc K. Jonassaint
Prisoner ID No. 90020034
Broward County Jail
55 S.E. First Avenue
Fort Lauderdale, Florida 33301
Asset ID:        03-DEA-413378
Case No:         GS-03-0004
Property:        $15,400.00 U.S. Currency
Asset Value:     $15,400.00
Seizure Date: 11/08/02
Seizure Place:   Miramar, Florida
Owner Name:      Marc K. Jonassaint
Seized From:     Marc K. Jonassaint
Judicial District:   Southern District of Florida
Notice of Mailing:   4/15/03

Dear Mr. A. Matthews:

Please be advised that I am in receipt of your misguided correspondence dated May 29,
2003.  Please note that you returned my original correspondence file stamped in your office
as received May 22, 2003 at 3:20 p.m.  This correspondence was mailed via U.S. mail
certified return receipt requested (see attached copy) on May 20, 2003 pursuant to 28
C.F.R. 9.4(k)(i) (remission section) specifically states that the postmark date is the date that
your office <u>shall</u> use as the date deemed to have been received by D.E.A. Title 18 U.S.C.
983(a)(2)(D) is silent on this point, therefore 28 C.F.R. 9.4(k)(i) controls this issue.
Therefore, you <u>must</u> by statute accept my letter mailed May 20, 2003 contesting this
forfeiture.

Additionally, your agency knew or should have known that I, David J. Joffe, was the
attorney of record since the inception of this case by the U.S. Attorney's Office in Fort
Lauderdale, Florida.  There exists absolutely <u>no</u> legitimate reason or excuse for not mailing
the forfeiture notice directly to undersigned counsel.  I question the sincerity of your
Department on this issue.

Finally, please return the $15,400.00 U.S. currency immediately.  You have utterly failed to comply with Title 18 U.S.C Section 983, which specifically and explicitly requires your agency to send written notice no more than sixty (60) days after the date of seizure on November 8, 2002.  Your own notice of mailing date was April 15, 2003, more than five (5) months or 150 days after the date of seizure.  Your agency did not and does not have any <u>legal</u> authority to seek forfeiture of the $15,400.00.

I expect a prompt written response within five (5) days from the receipt of this notice from a forfeiture attorney, not a clerk.  I expect the return of seized funds immediately.

Sincerely,

David J. Joffe

**U.S. Postal Service**

**CERTIFIED MAIL RECEIPT**

(Domestic Mail Only; No Insurance Coverage Provided)

| QUANTICO VA 22134 | |
|---|---|
| Postage | $ $0.37 |
| Certified Fee | $2.30 |
| Return Receipt Fee (Endorsement Required) | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $4.42 |

06/11/2003

Sent To
US Dept of Justice Drug Office or Domestic operations,
Street, Apt. No.; RECET PERFEITURES SEE ; INO PERFEITURE
or PO Box No. Resource , P.O. BOX 14175
City, State, ZIP+4    Quantico Virginia 22134 - 1475

7002 0000 0004 7275 1039

---

```
         PLANTATION POST OFFICE
            PLANTATION, Florida
                 333179998

06/11/2003    (954)327-9936    05:07:48 PM

                 Sales Receipt
Product          Sale    Unit     Final
Description      Qty     Price    Price

QUANTICO VA 22134                 $0.37
First-Class
  Return Receipt                  $1.75
  Certified                       $2.30
  Label Serial #: 70021000004727251039
                                =========
                  Issue PVI:       $4.42

Total:                            $4.42

Paid by:
Cash                              $5.00
Change Due:                      -$0.58

b.il#: 1000301573126
Clerk: 23

       Refunds only per DMM P014
  ----- Thank you for your business -----
            Customer Copy
```

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
MARC Benny Toussaint

**DEFENDANTS**
MARCOS DANIEL Jimenez
STEVEN PAUPTINA

CIV-UNGARO-BENAGES

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  DADE-FLORIDA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

MAGISTRATE JUDGE
BROWN

Date 04CV20458 (un)
Brown

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David Tsout
1976 Pine Island rec Site 520
Plantation Florida 33322

ATTORNEYS (IF KNOWN)
unkwn

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:  DADE,  MONROE,  BROWARD,  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☒ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☒ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☒ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☒ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | A OR B |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | ☒ 871 IRS – Third Party 26 USC 7609 | |
| | | ☒ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

19 USC 81602;
21 U.S.C. 853(a)(b) ; 18 USC §953

(Forfeiture)

LENGTH OF TRIAL 1
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ 15,400

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE ____   DOCKET NUMBER ____

DATE
02-27-04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   $150.00   MAG. JUDGE   897299

02/27/04